# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60843

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2019

Lyle W. Cayce
Clerk

CALVIN CANNADY,

> Plaintiff - Appellant

v.

CLAY COUNTY MISSISSIPPI; SHERIFF EDDIE SCOTT,

> Defendants - Appellees

Appeal from the United States District Court
Northern District of Mississippi
USDC No. 1:15-CV-44

Before STEWART, Chief Judge, and JONES and OWEN, Circuit Judges.

PER CURIAM:*

    Calvin Cannady alleges that he was detained for a year without access to judicial officers in violation of his Fourteenth Amendment due process rights. After his release, Cannady sued Clay County, Mississippi and Sheriff Eddie Scott for constitutional violations under 42 U.S.C. § 1983 and related state law claims. The district court held a two-day bench trial before entering judgment in favor of Clay County and Sheriff Scott. Cannady only appeals the

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60843

district court's judgment that Sheriff Scott was entitled to qualified immunity, which we AFFIRM.

## I.

The courts in Clay County open four times a year for criminal matters: in January, April, July, and October. During the October 2011 term, a grand jury indicted Cannady on a burglary charge. In March of 2012, Cannady was arrested. He posted bail in West Point, Mississippi and was released on bond until the first day of the July 2012 term. At that time, Cannady waived his arraignment and entered a plea of not guilty. Judge Lee Coleman appointed Jeff Hosford, a public defender, as Cannady's counsel and confirmed an October trial date. Judge Coleman released Cannady on bond until trial after Cannady signed two acknowledgments affirming that (1) he had been appointed counsel, (2) he must appear in court on October 9, 2012, and (3) if he failed to appear, his bond would be revoked and he would be jailed.

Cannady failed to appear for trial on October 9 and 10, 2012. After learning that Hosford was not in touch with Cannady, the prosecutor requested that a bench warrant issue for Cannady's arrest. Judge Coleman issued the bench warrant.

On October 29, 2012, Cannady was arrested by Flowood, Mississippi police officers and detained in Rankin County pursuant to the bench warrant. He was transferred to Clay County, and his case was placed on the January 2013 criminal docket. However, a new public defender, Mark Cliett, took over prior to the start of the term, resulting in a continuance until April. Prior to the April term, however, Cliett realized he had a conflict of interest and withdrew as counsel. Austin Vollor was appointed Cannady's counsel on April 5, 2013. Vollor requested continuances in April and July to investigate the case. As a result, Cannady's case was continued until October 14, 2013, at which point the charge against Cannady was dismissed.

2

No. 17-60843

In March 2015, Cannady filed a complaint against Clay County and Sheriff Scott, asserting violations of his Sixth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and related state law claims. After two years of pretrial proceedings, the district court held a two-day bench trial before entering judgment in favor of Sheriff Scott and Clay County. Cannady only appeals the district court's judgment that Sheriff Scott was entitled to qualified immunity

## II.

On an appeal from a bench trial, the court reviews questions of law de novo and findings of fact for clear error. *Water Craft Mgmt. LLC v. Mercury Marine*, 457 F.3d 484, 488 (5th Cir. 2006) (quoting *In re Mid-South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005)). "Reversal for clear error is warranted only if the court has 'a definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Canal Barge Co. v. Torco Oil Co.,* 220 F.3d 370, 375 (5th Cir. 2000)).

## III.

A government official is entitled to qualified immunity when his conduct (1) did not violate a plaintiff's constitutional right or (2) "was objectively reasonable in light of clearly established law" at the time of the violation. *Harmon v. Dallas Cty.*, 927 F.3d 884, 892 (5th Cir. 2019). Whether or not an official's conduct violates clearly established law depends on whether "every 'reasonable official would have understood that what he is doing violates [a] right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The burden is on Cannady to demonstrate that Sheriff Scott is not entitled to qualified immunity. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

Cannady puts forth a two-part argument for why Sheriff Scott is not entitled to qualified immunity. First, Sheriff Scott failed to transport Cannady

to appear before the court on January 23, 2013, as required by his statutory duties as Sheriff and the bench warrant. Second, the failure to transport prevented Cannady from accessing "judicial officers charged with implementing constitutional criminal procedure[s]" in violation of the Fourteenth Amendment. *Jauch v. Choctaw Cty.,* 874 F.3d 425, 435 (5th Cir. 2017). Cannady's argument fails at each prong.

The testimony presented at trial demonstrates that neither Sheriff Scott's statutory duties under Miss. Code Ann. § 19-25-35 nor the bench warrant's mandate required Sheriff Scott to present Cannady in court on January 23, 2013. The district court concluded that it "is unrefuted that Sheriff Scott complied with the intent of Judge Coleman in the execution of the bench warrant at issue in this case" when he arrested Cannady and had him available for an appearance. This conclusion is supported by Judge Coleman's testimony, which states that Sheriff Scott would not have brought Cannady to court unless someone, such as his counsel or the prosecutor, had requested it. Cannady does not argue that his counsel or the prosecutor requested his appearance at court. In fact, his counsel requested a continuance to April. The record makes clear that Sheriff Scott did not control whether Cannady was called to court on January 23, 2013.[1]

Even if Sheriff Scott had controlled whether Cannady appeared at court on January 23, 2013, the district court correctly concluded that Cannady's circumstances are too distinct from *Jauch* to make out a constitutional violation. The plaintiff in *Jauch* was arrested in April of 2012. 874 F.3d at 428.

---

[1] While Cannady was in detention, he did file pro se motions with the clerk's office requesting a hearing before the court and a speedy trial. However, Cannady was represented by counsel who made no such motions before the court. And regardless, Cannady only appeals Sheriff Scott's entitlement to qualified immunity. Whether the clerk's office failed to alert the court of his motions has no bearing on whether Sheriff Scott violated Cannady's Fourteenth Amendment due process rights, and Cannady does not argue to the contrary.

Upon her arrest, she was told she could not appear in court until August of 2012. *Id.* As a result, she was held for ninety-six days without the opportunity to post bail or have counsel appointed. *Id.* This "[p]rolonged pre-trial detention without the oversight of a judicial officer and the opportunity to assert constitutional rights" violated the plaintiff's Fourteenth Amendment right to procedural due process. *Id.* at 434.

Though Cannady also endured a detention of almost a year, he was afforded far more process than the plaintiff in *Jauch*. He originally appeared in court in July of 2012 for his arraignment, at which time the court appointed counsel, confirmed a trial date, and set bail. Cannady was arrested after this appearance because he failed to appear for his trial. At that time, Cannady's bond was revoked and a bench warrant was issued for his arrest. He was then arrested pursuant to the bench warrant and detained to ensure his appearance at trial in January 2013. This sequence of events, in which Cannady was provided with access to a judicial officer who afforded him proper process prior to his detention, differentiates his claim from that presented in *Jauch*. Moreover, while his detention continued for an extended period of time, the evidence presented at trial established that Cannady was not barred from appearing before a judicial officer. Rather, his counsel—who continued his case in January, April, and July of 2013—never filed a motion for Cannady to appear.

As we agree with the district court that Sheriff Scott did not prevent Cannady's transport to the court on January 23, 2013 and did not violate Cannady's right to due process, we also agree that Sheriff Scott's conduct was not objectively unreasonable in light of clearly established law. Sheriff Scott is entitled to qualified immunity.

## IV.

Cannady only reserved for appeal the question of whether Sheriff Scott

No. 17-60843

is entitled to qualified immunity. However, he briefly alleges before this court that Sheriff Scott is a final policymaker sufficient to make Clay County liable for his actions under *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). Even if Cannady preserved this argument, it cannot succeed without an underlying constitutional violation, which Cannady did not establish.

## V.

For the foregoing reasons, we AFFIRM the district court's judgment dismissing Cannady's claims against Sheriff Scott and Clay County.